UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JASON DEAN SHORT                                                               PLAINTIFF
ADC #551179

V.                             No. 4:20-CV-1421-DPM-JTR

BRIAN SHELTON, JR., Sergeant, Varner
Unit; JOHN CARTWRIGHT, Sergeant,
Varner Unit; BRANDON JAMES, Captain,
Varner Unit; JAMES GIBSON, Warden,
Varner Unit; BLEVINS, Sergeant, Varner
Unit; LENNOX, Sergeant, Varner Unit;
BOULDINGHOUSE, Lieutenant, Varner
Unit; and BROWN, Corporal Varner Unit                                      DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge D. P. Marshall, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Marshall may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I. Introduction

Plaintiff, Jason Dean Short ("Short"), an inmate at Varner Unit of the Arkansas Division of Corrections ("ADC"), filed a *pro se* § 1983 Complaint alleging that Defendants violated his constitutional rights. *Doc. 2*. Before Short may proceed with this action, the Court must screen his claims.[1]

## II. Discussion

Short alleges that on September 3, 2019, after working outside on the "forced free line lawn work detail," he re-entered the Varner Unit and was strip-searched, handcuffed, and taken to punitive isolation; where he remained as prison officials conducted an investigation into contraband found in the free line lawn maintenance shop. *Docs. 2 & 11*. While in isolation, he signed a property inventory form, which Sergeant Blevins ("Blevins") and Sergeant Lennox ("Lennox") told him only covered the property that he had on his person when he entered isolation. *Doc. 11 at 8*. However, when Short asked about the status of his other property in his general population cell, which included his legal work, hygiene items, and a radio, those

---

[1]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

items could not be located. *Id. at 8-9*.[2] Short claims that Defendant Corporal Brown ("Brown") later told him that he had given Short's property to Defendant Lieutenant Boudlinghouse ("Bouldinghouse"), but Bouldinghouse denies having ever received the property. *Id. at 9*. Short claims that Defendants Blevins, Lennox, Brown and Bouldinghouse "violated Due Process" by not following ADC policy in inventorying and processing his personal property, which resulted in the loss or destruction of his legal work, hygiene items and radio.

Additionally, Short alleges that he was falsely charged and convicted of a disciplinary violation based on contraband found in the maintenance shop on September 3, 2019. *Id. at 7-10*. According to Short, on the day the contraband was discovered: (1) he was not working anywhere near the maintenance shop; (2) his movements had been closely monitored by supervisors and cameras, without any evidence proving that he was involved with the contraband; and (3) he was not found with any contraband on him or in his system. *Id.*

According to Short, he explained all of this to the disciplinary hearing officer, but he was nonetheless convicted of violating rule 09-3, "Possession/introduction/manufacture of any drug, narcotic, intoxicant, tobacco,

---

[2] Short filed a grievance over the missing property, but it was denied on the basis of the property disclosure form he signed in isolation, which stated that all of his property had been accounted for. *Doc. 11 at 32*.

3

chemical or drug paraphernalia not prescribed by medical staff." As punishment, Short alleges he lost 365 days of good time credit. *Id.* at 9.

Short claims that Defendant Sergeant Brian Shelton Jr. ("Shelton") falsely charged him with the disciplinary violation, and that Shelton, along with Defendants Captain Brandon James ("James"), Sergeant John Cartwright ("Cartwright"), and Warden James Gibson ("Gibson") failed to properly investigate the contraband incident, in violation of prison policies, and his due process rights under the Fourteenth Amendment. Short also alleges that the loss of good time credit violated his due process rights because it prevented him from being released on parole.

In his prayer for relief, Short requests the Court to overturn the disciplinary conviction, order the return of his good time credits, and award monetary damages.

1. **Short's Loss of Personal Property Claims against Blevins, Lennox, Brown and Bouldinghouse**

As a matter of law, Short's loss of personal property claims against these Defendants are not actionable under § 1983. To the extent Short is attempting to predicate these claims on Defendants' violations of ADC policies, "there is no § 1983 liability for violating prison policy," *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997).

Furthermore, a prisoner cannot bring a § 1983 due process claim for the intentional or negligent loss of his personal property, as long as he has a post-deprivation remedy under state law to address the property loss. *See Hudson v.*

4

*Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981). Arkansas provides such a post-deprivation remedy, by allowing Short to file a claim for the loss of his personal property with the Arkansas Claims Commission. *See McClinton v. Arkansas Dept. of Corr.*, 166 F. App'x 260, 260-61 (8th Cir. 2006); *Williams v. Campbell*, 25 F. App'x 477, 479 (8th Cir. 2001).

Because Short has an adequate post-deprivation remedy available to him under Arkansas law, he cannot, as a matter of law, maintain a due process claim against any of the Defendants for their alleged roles in losing or destroying his personal property. Accordingly, those claims should be dismissed, with prejudice.

**2. Short's False Disciplinary Claim against Shelton**

Short alleges that Shelton violated his constitutional rights by filing a false disciplinary charge against him. However, the filing of a false disciplinary charge against an inmate is not actionable under § 1983 unless it is filed in retaliation for the inmate's exercise of a constitutional right. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989). Short does not allege that the filing of the false disciplinary charge was done in retaliation for the exercise of a constitutional right. Because Short has failed to state a plausible claim against Defendant Shelton, for filing a false disciplinary charge against him, that claim should be dismissed, without prejudice.

**3. Short's Due Process Claims against Shelton, James, Cartwright, and Gibson**

Short also claims his due process rights were violated because these

5

Defendants failed to conduct an adequate investigation into the contraband, in violation of ADC policies. As a result, he alleges that he was falsely charged and convicted of a major disciplinary violation.

As previously explained, "there is no § 1983 liability for violating prison policy." *Gardner*, 109 F.3d at 430. Similarly, a prisoner does not have a constitutional right to "an adequate investigation" of disciplinary charges. *Brown v. Fey*, 889 F.2d 159, 170-71 (8th Cir. 1989); *accord, Whitford v. Boglino*, 63 F.3d 527, 532 (7th Cir. 1995) (per curium) ("[P]laintiff has no federal due process right to a prehearing investigation."); *Diaz v. McGuire*, 154 Fed. Appx. 81 (10th Cir. 2005) (unpub.) ("An adequate prehearing investigation is not among the minimum due process protections identified by *Wolff* and *Hill*.").

Finally, a prisoner may *only* maintain a due process challenge to a prison disciplinary proceeding if he is deemed to have a liberty interest at stake. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003).³ While Short has an arguable liberty interest in keeping his 365 days of good

---

³ Apart from losing 365 days of good time credits, Short does not describe any other punishment he received. However, the law is clear that a reduction in classification level, placement in punitive isolation for typically short intervals of time, and loss of prison privileges do not rise to the level necessary to implicate a liberty interest. *Sandin*, 515 U.S. 482-86; *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002); *Kennedy v. Blankenship,* 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994).

time credits,[4] he can only pursue that claim in a § 2254 habeas action, *after* he has exhausted all of his available state habeas remedies. 28 U.S.C. § 2254; *Edwards v. Balisok*, 520 U.S. 641, 643–44; *Heck v. Humphrey,* 512 U.S. 477 (1994); *Portley–El*, 288 F.3d at 1066–67. Similarly, only after Short has filed and prevailed on such a habeas claim, would he be in a position to pursue a § 1983 action to recover damages for the loss of the wrongfully taken good time credits. *Id.*[5]

---

[4] The "Due Process Clause itself does not create a liberty interest in credit for good behavior." *Sandin*, 515 U.S. at 477. Instead, a court must look to the specific state statute in question to determine whether a liberty interest in good time credits has been created by the state. *Id.* The Arkansas Supreme Court has determined that no such liberty interest was created by the Arkansas parole statutes. *McKinnon v. Norris*, 231 S.W.3d 725, 729-730 (Ark. 2006)*; Koontz v. Norris,* Case No. 08-75, 2008 WL 2310973 (Ark. June 5, 2008) (unpublished opinion).

The Arkansas courts' interpretation of federal constitutional law is not binding on federal courts. *Baker v. Carr,* 369 U.S. 186, 211 (1962). However, at least two District Judges in the Eastern District of Arkansas have sided with the Arkansas Supreme Court and concluded that the Arkansas parole statutes do not create a federally protected liberty interest in obtaining or maintaining good time credits. *See Williams v. Kelley*, No. 5:19-cv-00257-KGB-BD, 2019 WL 7756147, *2 (E.D. Ark. Sept. 5, 2019) (unpublished opinion) ("[Plaintiff] had no liberty interest in good-time credits" and therefore "there was no violation of his rights under the Due Process Clause."); *Gardner v. Hobbs,* Case No. 5:14-cv-00131-JLH-BD, 2014 WL 2993821 (E.D. Ark. July 3, 2014) (unpublished opinion); *Roberts v. Hobbs*, Case No. 5:14-cv-00044-JLH-BD, 2014 WL 1345341 (E.D. Ark. April, 2014) (unpublished opinion). To date, however, neither the Eighth Circuit nor the United States Supreme Court have addressed the issue.

[5] It is unlikely Short could prevail on a habeas claim seeking the restoration of his good time credits. His disciplinary conviction was supported by Shelton's disciplinary report, which provides "some evidence" for the hearing officer's decision to convict Short of the disciplinary charge. *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985) ("hold[ing] that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits").

Shelton's Major Disciplinary Report directly linked Short to the contraband violation:

> On 9/3/2019 @ approx. 12:45 PM, I, SGT Shelton along with SGT Cartwright received confidential information that there was a drop at the free line lawn shop. We then began shaking down the free line lawn shop and it [sic] surroundings when I, SGT Shelton found 3 Mountain dew [sic] bottles under the

Accordingly, Short's § 1983 due process claims related to his disciplinary conviction should be dismissed, without prejudice.[6]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Short's loss of personal property claims against Defendant Blevins, Lennox, Brown, and Bouldinghouse be DISMISSED, with prejudice, for failing to state a claim upon which relief may be granted.

2. Short's false disciplinary claims against Defendant Shelton be DISMISSED, without prejudice.

3. Short's due process claims against Defendants Shelton, James, Cartwright, and Gibson be DISMISSED, without prejudice.

4. This dismissal count as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

5. Short's pending Motion to Appoint Counsel (*Doc. 12*) be DENIED as moot.

---

bush hog which contained 740 grams of tobacco, 6 pack of rolling paper, and 2 pills (Hydrocodone Bitrate, identified by infirmary Staff). Witness statements were taken and it was confirmed the drop was intended for B. Moffett #155723 & J. Short #551179. Both inmates were taken to the infirmary to be seen for pre lock up and given a drug test with negative results. All Contraband was placed in the Warden's Safe. Therefore I, SGT B. Shelton am charging inmate J. Short #551179 with rule violations 2-13, 12-3, & 9-3 pending DCR.

*Doc. 11 at 27-28.*
[6] Only after Short has prevailed in overturning his disciplinary conviction, in either state or federal court, can he file a § 1983 action for damages.

6. The Court CERTIFY that an *in forma pauperis* appeal from the Order adopting this Recommendation would not be taken in good faith under 28 U.S.C. § 1915(a)(3).

Dated this 17th day of June, 2021.

                                                              _____
                                                              UNITED STATES MAGISTRATE JUDGE